

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 12, 2019

**BY ECF & Hand Delivery**

Hon. Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square
New York, NY 10007-1312

    Re:   *United States v. Tamika Jackson*, 18 Cr. 909 (ALC)

Dear Judge Carter:

    The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for November 19, 2019. As set forth in the Final Presentence Investigation Report dated September 12, 2019 ("PSR"), the applicable Guidelines range is 51 to 63 months' imprisonment. For the reasons explained below, the Government submits that a sentence within the Guidelines range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A. Factual Background**

    On August 30, 2018, the defendant, Tamika L. Jackson ("Jackson" or the "defendant"), entered a bank in Manhattan. Jackson approached the teller window and demanded money from the teller (the "Teller"). Jackson drew out of her bag a loaded firearm and banged it against the window, to ensure the Teller could see that she was armed. After the Teller went to the back of the store, ostensibly to gather money for the defendant, Jackson waited for several minutes before leaving the bank empty-handed.

    Jackson was apprehended on the street a few minutes later, still in possession of the firearm she had used to rob the bank. Following her arrest, and while her firearm was being processed, Jackson warned law enforcement that the gun "was not operable" because it "kept going off." Jackson was charged by criminal complaint on August 30, 2018 with attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and 2, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(a)(1)(A)(ii) and 2. Following the defendant's arrest, the Government learned that—prior to attempting to rob the bank in Manhattan—Jackson had attempted to rob a check cashing business in Jersey City, New Jersey.

The defendant was indicted on December 21, 2018. She pled guilty on June 24, 2019, pursuant to a plea agreement, to Count One of the Indictment only.

**B. Presentence Investigation Report and Recommended Sentence**

Consistent with the plea agreement, the United States Probation Office ("Probation") calculates the applicable range under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") as 51 to 63 months' imprisonment, based on an offense level of 24 and a criminal history category of I. (PSR ¶ 93). Probation recommends a below-Guidelines sentence of 366 days' imprisonment. (PSR p. 22).

**C. Discussion**

### 1. Applicable Law

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

### 2. A Guidelines Sentence Is Appropriate in This Case

The sentencing factors applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to protect the public from further crimes of the defendant, and to afford adequate deterrence to this defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). These considerations weigh in favor of a sentence within the Guidelines range.

A sentence within the Guidelines range is necessary to reflect the nature and seriousness of the defendant's conduct, and to deter the defendant and others from engaging in bank robbery. The defendant robbed a bank with, not only a loaded firearm, but a firearm that Jackson believed kept "going off." Jackson did not merely carry the firearm for protection, or in the event she required the weapon for self-defense: she drew out the gun as she asked for money from an unarmed bank teller in the middle of the day in a Manhattan bank. Even assuming that Jackson had no intention of harming anyone with the firearm, by merely bringing the faulty gun into the bank, Jackson put people at risk of serious injury. As a result of the Government's plea offer, the defendant faces no mandatory minimum sentence in this case. A sentence within the applicable Guidelines range is consequently necessary in order to reflect the seriousness of the defendant's offense, and to deter others from engaging in this offense. While the defendant has made strides in seeking services to address her longstanding issues, such rehabilitative efforts nonetheless warrant a non-negligible term of incarceration.

Hon. Andrew L. Carter, Jr.  Page 3
November 12, 2019

In sum, a sentence within the Guidelines range would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

**D. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 51 to 63 months' imprisonment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: ____/s/_____
Sarah Mortazavi
Assistant United States Attorney
(212) 637-2520

cc: Sylvie Levine, Esq. (by ECF)